UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT N. BUFORD ]
    Plaintiff, ]
]
v. ] No. 3 06 0399
] JUDGE HAYNES
CORRECTIONS CORPORATION OF ]
AMERICA, ET AL. ]
    Defendants. ]

MEMORANDUM

The Plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Corrections Corporation of America; Brian Gardner, Warden of the Detention Facility; and Dr. Ramsey Walker, a physician at the Detention Facility; seeking injunctive relief and damages.

The Plaintiff suffers from cirrhosis of the liver. Prior to his incarceration, the Plaintiff was prescribed certain medications for this condition. However, since his confinement at the Detention Center, Dr. Walker has refused to prescribe the same medications. As a result, the Plaintiff believes that the defendants have rendered him a victim of medical malpractice.

In order to establish a claim for relief under § 1983, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right secured by

the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In this case, the Plaintiff alleges that his condition has worsened because the defendants will not give him the same medications prescribed for him prior to his incarceration. However, according to documents attached to the complaint, the Plaintiff has not been given these medications since sometime in 2003. Thus, the Plaintiff has been receiving some type of care and treatment for his condition, simply not the care and treatment preferred by the Plaintiff. Consequently, the defendants have not been deliberately indifferent to Plaintiff's medical needs. This dispute, therefore, arises over the adequacy of the care provided the Plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir.1976). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, 429 U.S. 105-106.

Therefore, the Plaintiff has failed to describe conduct resulting in a violation of federal law.

Absent a violation of federal law, the Plaintiff has failed to state a claim upon which § 1983 relief can be granted. Accordingly, the Court is obliged to dismiss this action sua sponte. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WILLIAM J. HAYNES, JR.
UNITED STATES DISTRICT JUDGE
4-26-06